UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. VAFIDES, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 18-10525-ADB |
| COMMONWEALTH OF MASSACHUSETTS, | * | |
| Defendant. | * | |

## ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court dismisses this action without prejudice.

On March 19, 2018, *pro* se litigant Robert N. Vafides, who is confined at the Pondville Correction Center, filed twenty-six pages of hand-written documents.

Under 28 U.S.C. § 1915A, a federal court must conduct a preliminary screening of a prisoner complaint in which the plaintiff seeks redress from a governmental entity or officers or employees of a governmental entity. *See* 28 U.S.C. § 1915A(a). The statute authorizes a court to dismiss a complaint *sua sponte* if it is "frivolous, malicious, fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)).

Here, the documents Vafides filed fail to state a claim upon which relief may be granted because they do not contain a "short and plain statement of the claim" and do not show that Vafides is entitled to relief. From their general appearance, the documents seem to be pleadings, and the penmanship is admirable. However, the meaning of the papers is impenetrable. They contain case citations, case summaries, statutes, references to other documents, statements of law, and even the coronation dates of English monarchs, without any discernable narrative or purpose. While many phrases can be understood independently, the pleading, taken as a whole, is abstruse. The Court cannot discern any claim for relief. Further, it does not appear that allowing Vafides to amend his papers would cure the pleading deficiencies.

Accordingly, the Court orders that this action be DISMISSED WITHOUT PREJUDICE. No filing fee is assessed.

**SO ORDERED.**

May 16, 2018  /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE